PEOPLE *ex rel.* BROOKS *v.* MACLEAN *et al.,* Police Commissioners.

*(Supreme Court, General Term, First Department.  October 24, 1890.)*

MUNICIPAL CORPORATIONS—REMOVAL OF POLICEMAN.

　Dismissal of an officer by the police commissioners on the ground that he was so intoxicated as to be unfit for duty cannot be disturbed on *certiorari,* where, upon the whole evidence, a jury might very well have come to the conclusion that relator was intoxicated.

*Certiorari* to review the dismissal of the relator, Daniel Brooks, from the police force of the city of New York.

The charge against relator was conduct unbecoming an officer, the specification being that he was so much under the influence of liquor as to be unfit for duty during his tour of patrol duty.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* for relator.  *John J. Delany,* for respondent.

VAN BRUNT, P. J. There is no ground shown by this record for interfering with the determination of the respondents. The officer was charged with conduct unbecoming an officer,—being intoxicated. Various witnesses were examined to sustain the charge, a sergeant, several roundsmen, and a police surgeon, all of whom saw the relator, and were of the opinion that the relator was under the influence of liquor, and unfit for duty. For the relator, his family physician, some patrolmen, and a citizen were examined, and their evidence tended to show that he was subject to fits, and that his condition may have been caused by an attack of the disease to which he was subject. This testimony was strengthened by the fact that but one of the witnesses who had testified that he was intoxicated thought that he smelled any liquor upon his breath; but this fact did not overthrow their testimony. In fact, notwithstanding this fact, upon the whole evidence, a jury might very well have come to the conclusion that the relator was under the influence of liquor. Under these circumstances the finding of the police commissioners is final, and cannot be disturbed. The judgment should be affirmed, and the writ dismissed, with costs. All concur.